UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IKROM ZIY ADULLAEVICH HASANOV, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. CIV-26-82-R |
| MARK SIEGEL, et al., | ) ) ) |
| Respondents. | ) ) |

## ORDER

Petitioner, a citizen of Uzbekistan that entered the United States in October 2023 without admission or parole, is currently in the custody of the U.S. Immigration and Customs Enforcement. His removal proceedings are ongoing and he is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] contending that § 1225(b)(2)(A) does not apply to noncitizens like him who previously entered the country without inspection and that his continued detention without a bond hearing violates his due process rights. Respondents filed a Response in Opposition [Doc. No. 9] and the matter is now at issue.

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). Section § 1225(b)(2)(A) states

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be

1

>admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Respondents contend this provision applies to Petitioner because he is plainly an "applicant for admission," which is defined as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Petitioner counters that § 1225(b)(2)(A) applies to recent arrivals and those seeking admission at a border as opposed to noncitizen that have been unlawfully living in the United States. The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings.

Two circuit courts have considered this issue. In *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061-62 (7th Cir. 2025), the Seventh Circuit, addressing the arguments on a preliminary record, concluded that § 1225(b)(2)(A) was unlikely to apply to noncitizens that are already present in the country. The Fifth Circuit reached a different conclusion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026p.

This Court has previously concluded that, based on the plain language of the statutory text, § 1225(b)(2)(A) applies when a noncitizen is actively seeking admission whereas § 1226(a) governs when a noncitizen has already been unlawfully living in the United States. *See Valdez v. Holt,* Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant,* No. CIV-25-1560-R, 2026 WL 315065, at *1

(W.D. Okla. Feb. 5, 2026).[1] Although "[t]he 2-1 decision in *Buenrostro-Mendez* makes clear that strong arguments support both statutory readings of the parties," this Court "remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district." *Campa v. Johnson*, No. CIV-26-0001-HE, 2026 WL 446978, at *1 (W.D. Okla. Feb. 17, 2026). Further, the Court rejects Respondents' argument that Petitioner's asylum application renders him subject to detention under § 1225(b)(2). *See Li v. Grant,* No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (concluding that § 1226(a) applies even though Petitioner applied for asylum); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (same); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026) (same).

Here, Petitioner was detained approximately two years after arriving in the country. His detention is controlled by § 1226(a) and he is entitled to a prompt bond hearing. This conclusion is in accordance "with the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner." *Toledo Santos*, 2026 WL 184287, at *2.

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Given that the

---

[1] The Court adopts the reasoning and conclusions set forth in these prior orders. For the reasons stated in these orders and other persuasive authority, the Court also rejects Respondents' contention that the Court lacks jurisdiction to consider the Petition. *See Colin v. Holt,* No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025); *Diaz v. Holt,* No. CIV-25-1179-J, 2025 WL 3296310, at *1 (W.D. Okla. Nov. 26, 2025).

Court has granted Petitioner's request for a bond hearing, the Court declines to address Petitioner's due process claim at this time.

IT IS SO ORDERED this 26th day of February, 2026.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE